

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 25, 1962

Mr. Fred E. West
County Attorney
Lubbock County
Lubbock, Texas

Dear Mr. West:

Opinion No. WW-1400

Re:  Whether the County Auditor
should audit the books of
the District Clerk con-
cerning payments received
as a result of divorce
proceedings where the Court
ordered one spouse to make
child support payments to
the District Clerk's office.

In your request for an opinion from this office you
ask a question which we quote as follows:

"Whether the County Auditor should audit the
books of the District Clerk concerning payments
received as a result of divorce proveedings where
the Court ordered one spouse to make child support
payments to the District Clerk's office."

After the County Auditor has assumed his office by
making bond and taking an oath according to the provisions of
Article 1649, Vernon's Civil Statutes, he is governed by Arti-
cle 1651 which provides in part as follows:

"The Auditor shall have a general oversight
of all the books and records of all the officers
of the county, district or state who may be author-
ized or required by law to receive or collect any
money, funds, fees or other property for the use of.
or belonging to, the county; and he shall see to the
strict enforcement of the law governing county finances.
. . ."

In addition, Article 1653, Vernon's Civil Statutes,
states as follows:

"He shall have continual access to and shall
examine all the books, accounts, reports, vouchers
and other records of any officer, the orders of the
commissioners court, relating to finances of the
county, and all vouchers given by the trustee of all
common school districts of the county and shall in-
quire into the correctness of same."

Finally Article 3896, Vernon's Civil Statutes, provides in part as follows:

"Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office, and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any and all of such funds shall come into his hands, shall enter the same; <u>and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. . . .</u>" (Emphasis added)

In your letter you make reference to the provisions of Article 1656a, Vernon's Civil Statutes. Lubbock County, according to the 1960 Federal Census, had a population of 156,271. Therefore, the provisions of Article 1656a which specify the duties of a County Auditor of a county having a population of 190,000 or more according to the last preceding or future Federal Census are not applicable to the County Auditor of Lubbock County.

Attorney General's Opinion WW-86 (1957), a copy of which is enclosed, held, pursuant to the provisions of Article 1656a, as originally enacted, that moneys collected by the chief probation officer of Dallas County for child support in divorce cases under an order of the District Court should be deposited with the County Treasurer upon receipt of same, if such is required by the County Auditor.

We have found no express statutory authority for requiring a County Auditor to audit the child support account books of a District Clerk. However, a primary rule for the construction of statutes is to ascertain the give effect to the intent of the legislative body. <u>Morris v. Calvert</u>, 329 S.W.2d 117 (Civ.App. 1959, error ref. n.r.e.).

It is our opinion that the plain and unambiguous wording of the statutes quoted above clearly shows that it is the intent of the Legislature that a County Auditor have the duty of overseeing and examining all the books of all the district officers in his jurisdiction. Therefore, you are advised that the County Auditor of Lubbock County has the duty to audit the child

support account books of the District Clerk.

S U M M A R Y

The County Auditor of Lubbock County should make an audit of the child support account books of the District Clerk.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: I. Raymond Williams, Jr.
Assistant

IRW:mkh:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Mitchell Stevens
Pat Bailey
Jack Goodman
Elmer McVey

APPROVED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore